IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RUFINO VILLARREAL,

        Plaintiff,

vs.

OMAHA POLICE DEPARTMENT;
TODD SCHMADERER, Omaha Police
Chief; and JOHN DOE, Police Officers,

        Defendants.

8:20CV403

MEMORANDUM
AND ORDER

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the Omaha Police Department, the Omaha Chief of Police, and "John Doe" Omaha Police Officers under 42 U.S.C. § 1983 for shooting him with rubber bullets and tear gas in retaliation for engaging in an allegedly peaceful protest against racial injustice. During the protest, Plaintiff alleges he heard no audible commands, but noticed people backing up. Plaintiff was struck by the rubber projectiles and gas as he was retreating and filming the incident with his phone. One of the bullets hit his hand, causing it to swell "the size of an orange." (Filing 1 at CM/ECF p. 5.) Plaintiff underwent treatment at the hospital. He still reports pain and numbness in areas of his hand, and he has sought counseling to "help combat my fear of the police." (*Id.* at p. 6.) Plaintiff claims this incident has had a "chillin[g]

effect" on his ability to exercise his rights. He requests $100,000 in monetary damages.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Defendant Omaha Police Department

The Omaha Police Department must be dismissed as a defendant because it is not a suable entity. *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir.

1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law).

### B. Defendants Police Chief and Officers

Plaintiff sues the Omaha Police Chief and "John Doe" Omaha Police Officers. Because Plaintiff does not indicate the capacity in which these Defendants are sued, the court must assume they are sued in their official capacities. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." (internal citations omitted)).

Plaintiff's claims against the Defendants in their official capacities are actually claims against the City of Omaha itself. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)).

3

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against the City of Omaha, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation."

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, Plaintiff's allegations against the Omaha Police Chief and Omaha Police Officers in their official capacities—which are in reality a claim against the City of Omaha—fail to state a claim upon which relief can be granted because

4

Plaintiff does not allege that a policy or custom of a government entity caused the violation of his constitutional rights. However, the court shall grant Plaintiff leave to file an amended complaint to either allege truthful facts pointing to a government policy or custom that was responsible for the constitutional violation **_or_** by suing Defendants in their individual—instead of official—capacities.

### C. First Amendment Retaliation Claim

Should Plaintiff file an amended complaint, he should be aware of the elements of the First Amendment retaliation claim he asserts. The First Amendment prohibits government officials from taking retaliatory actions against individuals for speaking out. *Peterson v. Kopp*, 754 F.3d 594, 602 (8th Cir. 2014).

> To establish a First Amendment retaliation claim under 42 U.S.C. § 1983, the plaintiff must show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity.

*Id.* (internal quotations and citations omitted). "Under the third prong, a plaintiff must show that the retaliatory motive was a 'substantial factor' or 'but-for cause' of the adverse action. In other words, the plaintiff must show he was 'singled out because of [his] exercise of constitutional rights.'" *Id.* (internal citations omitted).

## IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a claim upon which relief can be granted. However, on the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states his First Amendment retaliation claim. The amended complaint must specify in what capacity Defendants are sued, must identify each Defendant by name, and must set forth all of Plaintiff's claims (and any supporting factual allegations) against that Defendant. To be clear, Plaintiff's amended

complaint must restate the relevant allegations of his Complaint and any new allegations. Plaintiff should be mindful to explain what each Defendant did to him, when the Defendant did it, and how the Defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must identify each Defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that Defendant. Plaintiff should be mindful to explain in his amended complaint what each Defendant did to him, when the Defendant did it, and how the Defendant's actions harmed him.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) in the event he files an amended complaint.

4. The clerk of the court is directed to set a pro se case management deadline using the following text: April 2, 2021—amended complaint due.

DATED this 3rd day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge